**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD MARTINO, III**

                    **Plaintiff,**

         v.                            **1:16-CV-1269**
                                                **(FJS/ATB)**

**GANDER MOUNTAIN COMPANY, and JOHN**
**and/or JANE DOE 1-10, said name(s) being**
**fictitious in nature,**

                    **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **MAINETTI, MAINETTI &** **O'CONNOR, P.C.** 130 North Front Street Kingston, New York 12401 Attorneys for Plaintiff | **ALEXANDER E. MAINETTI, ESQ.** |
| **WILSON ELSER MOSKOWITZ** **EDELMAN & DICKER LLP** 200 Great Oaks Boulevard Suite 228 Albany, New York 12203 Attorneys for Defendant Gander Mountain Company | **MARK J. KAIM, ESQ.** **PETER A. LAURICELLA, ESQ.** |

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Pending before the Court is Defendant Gander Mountain Company ("Defendant")'s motion for summary judgment. *See* Dkt. No. 22.

### II. BACKGROUND

Plaintiff originally filed this action against Defendant in Ulster County Supreme Court. Defendant removed the action to this Court on October 21, 2016, based on the Court's diversity jurisdiction, *see* 28 U.S.C. § 1332. *See* Dkt. No. 1 at 2.[1]  In his complaint, Plaintiff asserts claims sounding in negligence and products liability against Defendant.[2]

On March 10, 2017, Defendant filed for Chapter 11 protection in the United States Bankruptcy Court for the District of Minnesota. During a telephonic status conference in this case with Magistrate Judge Baxter on May 3, 2017, the parties agreed that, in light of the bankruptcy filing, this actions was automatically stayed. Magistrate Judge Baxter directed Defendant's counsel to notify the Court once the bankruptcy proceeding had been resolved or if the automatic stay were lifted. *See* Text Minute Entry dated May 3, 2017; Dkt. No. 16, Text Order Staying Case.

In a letter dated March 5, 2018, Defendant's counsel notified the Court that, "[o]n January 26, 2018, the U.S. Bankruptcy Court for the District of MN approved [Defendant] Gander Mountain's plan of distribution and dissolution. As such, all claims against [Defendant] Gander Mountain are discharged, and [Defendant] Gander Mountain should be dismissed from the case." *See* Dkt. No. 20 at 1. Defendant's counsel also informed the Court that Defendant intended to file a motion seeking dismissal of this action within three weeks. *See id.* Magistrate Judge Baxter directed Defendant to file any dispositive motions or a further status report by April 13, 2018. *See* Dkt. No. 21.

---

[1] All references to pages numbers in the record are to the pages numbers that the Court's Electronic Case Filing System generates.

[2] Plaintiff's complaint also contains a second cause of action, also sounding in negligence and products liability, against Defendants John and/or Jane Doe, who, he alleges, are employees of Defendant. Plaintiff has never identified these John and Jane Doe Defendants.

On April 11, 2018, Defendant filed the pending motion for summary judgment. *See* Dkt. No. 22. On May 7, 2018, the Court issued a Motion Scheduling Order, notifying counsel that the Court would hear oral argument in this case on June 18, 2018. *See* Motion Scheduling Notice dated May 7, 2018.[3]

## III. DISCUSSION

---

[3] Plaintiff's response to Defendant's motion was due by May 7, 2018. Ten days before the date scheduled for oral argument, June 8, 2018, the Court had not received any papers from Plaintiff; therefore, the Court Clerk telephoned Plaintiff's counsel to determine whether Plaintiff intended to file any opposition to Defendant's motion. Plaintiff's counsel informed the Court Clerk that Plaintiff did intend to oppose the motion but asked if the Court would grant him an extension to do so. The Court Clerk informed Plaintiff's counsel that, if he wanted to request an extension, he needed to file a letter request with the Court. When the Court had received neither a request for an extension or opposition papers by June 11, 2018, the Court issued a Text Order directing Plaintiff to file his response to Defendant's motion by June 13, 2018. *See* Dkt. No. 23, Text Order dated June 12, 2018. The Court also advised counsel that the motion argument remained set for June 18, 2018, at 10:00 a.m. in Albany.

In compliance with this Text Order, Plaintiff filed an "Affirmation in Opposition to Defendant's Motion for Summary Judgment. *See* Dkt. No. 24. Plaintiff's opposition papers did not comply with this District's Local Rule 7.1(a), which explicitly requires that, "[e]xcept as other wise provided in this paragraph, all motions and **opposition to motions** require **a memorandum of law**, supporting affidavit, and proof of service on all parties." *See* Local Rule 7.1(a) (emphasis added). The only document that Plaintiff filed in opposition to Defendant's motion for summary judgment was his counsel's affirmation.

Furthermore, when the date and time for the motion argument arrived, Plaintiff's counsel was not present. The Court Clerk called counsel's office and counsel informed the Court Clerk that he was not present because he was under the impression that the Court was taking the motion on submit. Given the Court's June 12, 2018 Text Order advising counsel that motion argument remained set for June 18, 2018, at 10:00, as well as its May 7, 2018 Motion Scheduling Order, advising counsel that the Court would hear oral argument on June 18, 2018 at 10:00 a.m., the Court does not understand how Plaintiff's counsel could have been under the impression that the Court was taking the motion on submit and that, therefore, his presence was not required.

### A.   Preliminary matter

As noted, on September 21, 2016, Plaintiff commenced this action against Defendant and an unspecified number of John and/or Jane Doe Defendants in state court. Defendant removed the case to this Court on October 21, 2016, nearly twenty months ago. During this entire time, Plaintiff has never sought to amend his complaint to replace the John and Jane Doe Defendants with the actual names of the individuals who, he alleges, caused his injuries. In light of the passage of time and Plaintiff's failure to identify these individuals, the Court *sua sponte* dismisses Plaintiff's claims against all of the John and/or Jane Doe Defendants.

### B.   Defendant's motion for summary judgment

In support of its motion for summary judgment, Defendant asserts that the following facts, among others, are not in dispute:

> Gander Mountain filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Minnesota on March 10, 2017 (*Dkt. #17*)
>
> Gander Mountain notified Plaintiff of the bankruptcy and listed Plaintiff as an unsecured creditor. *(Dkt. #18; See In re Gander Mountain Company*, 17-30673, *Dkt. #428* (Bankr. D. Minn. Jan. 26, 2018) attached hereto as **Exhibit A**)
>
> On May 3, 2017, after being apprised of the pending bankruptcy, this Court stayed these proceedings pending the resolution of the bankruptcy or the lifting of the automatic stay. (*Dkt. #15*)
>
> Plaintiff's counsel acknowledged notice of the bankruptcy through its November 22, 2017 letter, in which he enclosed the notice of bankruptcy directed to Plaintiff. Plaintiff did not file a proof of claim nor did he object to Gander Mountain's plan for reorganization. (*Dkt. #18*)
>
> On January 26, 2018, the bankruptcy court approved Gander

> Mountain's Chapter 11 plan for distribution and dissolution.  (*Dkt. #20*; *See In re Gander Mountain Company*, 17-30673, *Dkt. #1572* attached hereto as **Exhibit B**)

*See* Dkt. No. 22-2 at 4-5.

In support of its motion, Defendant argues that, "[o]nce confirmed, a debtor's reorganization plan operate[s] to discharge all unsecured debts and liabilities where notice satisfie[s] due process." *See id.* at 5 (citation omitted).  Defendant asserts that, "[i]n this case, Plaintiff was given actual notice to satisfy due process."  *See id.* at 6.  Plaintiff was listed as an unsecured creditor on the schedule of creditors who had unsecured claims.  *See id.* (citing Undisputed Material Facts, ¶ 6).  Notice was also made and addressed to Plaintiff's counsel; and, on May 3, 2017, the parties agreed and the Court ordered this matter stayed pending the resolution of the bankruptcy proceedings.  *See id.* (citing [Undisputed Material Facts] at ¶ 7).  Finally, Defendant contends that Plaintiff's counsel "acknowledged notice of the bankruptcy through [his] November 22, 2017 letter, in which he enclosed the notice of bankruptcy he [had] received at the commencement in March 2017.  *See id.* (citing [Undisputed Material Facts] at ¶ 8).  For all these reasons, Defendant argues that Plaintiff had adequate notice of Defendant's bankruptcy.

Finally, Defendant contends that the Court should dismiss all of Plaintiff's claims against it because this debt was discharged pursuant to the Bankruptcy Court's confirmation of Defendant's plan.  *See id.*  Defendant asserts that "[c]onfirmation of a Chapter 11 reorganization plan discharges all unsecured debts listed in the bankruptcy petition."  *See id.* (citation omitted).  In this case, "Plaintiff did not object to [Defendant] Gander Mountain's reorganization plan for distribution and dissolution . . . [and] [o]n January 26, 2018, the bankruptcy court confirmed [Defendant] Gander Mountain's plan, thus discharging all debts against [Defendant] Gander Mountain.  *See id.* at 6-7

(citing Undisputed Material Facts, ¶¶ 8-9).

In opposition to Defendant's motion, Plaintiff's counsel states in his affirmation that "Plaintiff adopts the undisputed material . . . facts set forth in [D]efendant's motion for summary judgment." *See* Dkt. No. 24 at ¶ 4. However, he states that "Defendant is not prejudice[d] by [P]laintiff's failure to file a proof of claim in the instant matter" and, therefore, he requests that the Court allow Plaintiff "to file a late Proof of Claim in the instant matter." *See id.* at ¶¶ 5-6 (citation omitted).

Furthermore, Plaintiff's counsel states that "Plaintiff objects to [D]efendant's motion for summary judgment on the issue of discharging Plaintiff's claim in the instant bankruptcy proceeding." *See id.* at ¶ 8. He explains that "Plaintiff was operating under the assumption that the debtor herein Gander Mountain filed a claim on behalf of [Plaintiff] herein in the instant bankruptcy proceeding." *See id.* at ¶ 9. Plaintiff's counsel further argues that "Plaintiff would be greatly prejudiced if the Court discharged [P]laintiff's claim in regard to the bankruptcy proceeding. Defendant Gander Mountain had notice of [P]laintiff's claim against Gander Mountain and knew or should have known that [P]laintiff was or had assert[ed] a claim against said bankruptcy proceeding." *See id.* at ¶ 11.

The fact that Plaintiff had filed a complaint against Defendant in state court, which Defendant subsequently removed to this Court, in which he alleged that he had suffered personal injuries, which he attributed to Defendant's negligence had no bearing on Defendant's filing of a Chapter 11 bankruptcy petition in the Bankruptcy Court for the District of Minnesota. This case and the bankruptcy proceeding are two entirely different matters. The only relationship between them is that, because Plaintiff had filed an action against Defendant in state court prior to

Defendant's filing its Chapter 11 petition in Bankruptcy Court, Defendant was required to, and did, list Plaintiff as a creditor with a contingent, unliquidated, and disputed claim against Defendant on its schedule of creditors in the bankruptcy proceeding.  Finally, if Plaintiff wanted to file a proof of claim, he needed to do so in the court in which Defendant had filed its Chapter 11 bankruptcy petition, **not** in this Court.

"At the outset of a bankruptcy case, a debtor must list all known claims on his schedules and statements." *Shu Lun Wu v. May Kwan Si, Inc.*, 508 B.R. 606, 611 (S.D.N.Y. 2014) (footnote omitted).  Furthermore, "[i]n chapter 11 bankruptcies, a proof of claim is 'deemed filed' if the creditor's claim is listed on the debtor's schedules, **unless** it is listed as disputed, contingent, or unliquidated." *Id.* (emphasis added) (footnote omitted).  "If a creditor's claim is not deemed filed, and the creditor does not file a timely proof of claim, then the creditor 'shall not be treated as a creditor with respect to such claim for the purposes of voting [on a chapter 11 plan] and distribution' under a confirmed plan." *Id.* (footnote omitted).

Rule 3003(c) of the Federal Rules of Bankruptcy Procedure "governs the time for filing a proof of claim in a Chapter 11 case." *In re O'Shaughnessy*, 252 B.R. 722, 730 (Bkrtcy. N.D. Ill. 2000).  "As a routine measure in a Chapter 11 case, a bankruptcy court must set a bar date for all creditors to file their proofs of claim." *Id.* (citing Fed. R. Bankr. P. 3003(c)(2)).  "After the bar date has passed, a creditor may move the bankruptcy court for an extension of time to file its proof of claim." *Id.* (citing Fed. R. Bankr. P. 9006(b)(1)).  Rule 9006(b)(1) permits "late-filed claims to be deemed timely upon showing of 'excusable neglect.'" *Id.*

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure "sets forth the time to file certain complaints objecting to the dischargeability of a debt." *Id.* at 731.  "Rule 4007(c) permits

the Court to extend the sixty-day period if 'cause' is found, but only if the motion for such relief is filed 'before the time has expired.'" *Id.* (quoting *Marino*, 195 B.R. at 890). Since "Rule 9006(b)(3) restricts the discretion of bankruptcy courts to extend this sixty-day period, courts have generally viewed the deadline fixed by Rule 4007(c) to be 'set in stone.'" *Id.* (citation omitted). "Once time expires, the filing period cannot be extended on grounds of excusable neglect or otherwise." *Id.* (citation omitted).

Finally, "'[u]nder the Bankruptcy Code, a proof of claim must be presented to the Bankruptcy Court for administration, or be lost when a plan of reorganization is confirmed.'" *Id.* (quoting *National Labor Relations Bd. v. Bildisco and Bildisco*, 465 U.S. 513, 529, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984)). "Moreover, confirmation of a plan of reorganization operates as res judicata to bar the allowance of any late-filed claims." *Id.* at 732 (citing 11 U.S.C. § 1141) (other citation omitted).

In this case, the following facts are undisputed. Plaintiff received a Notice of Bankruptcy, which provided that the date for filing a proof of claim (the "bar date") was July 17, 2017. Plaintiff neither filed a proof of claim within the required time frame nor asked the Bankruptcy Court for an extension of time in which to do so. The Bankruptcy Court for the District of Minnesota approved Defendant's Chapter 11 plan for distribution and dissolution on January 26, 2018. Plaintiff did not file a complaint in the Bankruptcy Court objecting to the dischargeability of his debt within the required time frame.

Although Plaintiff has filed his counsel's affirmation in opposition to Defendant's motion, he adopts Defendant's statement of the undisputed material facts. Furthermore, this Court does not have the authority to grant him the relief he seeks, *i.e.*, allow him to file a late proof of claim and/or

find that his claim for personal injuries is not dischargeable. Plaintiff had an opportunity to seek such relief from the Bankruptcy Court for the District of Minnesota, but he did not do so; and now he cannot do so because the time for him to object to the dischargeability of his debt has expired. Thus, the Bankruptcy Court's confirmation of Defendant's Chapter 11 plan for distribution and dissolution is *res judicata* to the filing of any late proofs of claim.

In light of the undisputed material facts listed above and the *res judicata* effect of the Bankruptcy Court's confirmation of Defendant's Chapter 11 plan, the Court finds that Defendant is entitled to the relief he seeks and, therefore, grants Defendant's motion for summary judgment.

### IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's claims against the unidentified John and/or Jane Doe Defendants are **DISMISSED** *sua sponte*; and the Court further

**ORDERS** that Defendant Gander Mountain Company's motion for summary judgment, *see* Dkt. No. 22, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: June 22, 2018
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Judge